UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE LOUISIANA FRUIT COMPANY | CIVIL ACTION |
| VERSUS | NO. 08-3874 |
| JEWEL MARINE, INC., ET AL | SECTION "C" (2) |

ORDER AND REASONS

This matter comes before the Court on motion to intervene filed by Production Management Industries, L.L.C. ("PMI") and Quality Production Management, L.L.C. ("QPM") and motion to stay filed by the plaintiff, Louisiana Fruit Company ("Louisiana Fruit"). Having reviewed the record, the memoranda of counsel and the law, the Court rules as follows.

The instant matter was filed on July 3, 2008, and recently transferred to the undersigned. It involves a maritime claim in tort against Jewel Marine, Inc. ("Jewel") and Bud's Boat Rental, L.L.C. ("Bud's Boat") for damages allegedly caused by their vessels to a piece of waterfront property owned by Louisiana Fruit and located in Venice, Louisiana. (Rec. Doc. 1). Louisiana Fruit seeks to stay this federal matter against Jewel and Bud's Boat pending resolution of a case pending in state court in which all other claims relative to the damage have been raised.

Pending in state court since January 2008 is a contract suit by Louisiana Fruit against PMI and QPM for compensation owed under a lease between the parties for the damage to the property. In that state court suit, PMI and QPM have filed a third party demand against Bud's Boat and Jewel Marine seeking contribution in tort from them.

Recently, PMI and QPC moved to file a "Petition for Declaratory Judgment" in this pending federal suit. The petition is virtually identical to that previously dismissed by this Court in *Quality Production Management, L.L.C. v. Louisiana Fruit Co.*, Civ. Act. 08-684 "C" (5)(July 14, 2008). That earlier dismissal was based on lack of subject matter jurisdiction and the exercise of the Court's discretion. In the proposed intervention in this matter, as in the dismissed declaratory action, PMI and QPM do not agree that a lease existed between the relevant parties. Instead, PMI alleges that "it is believed that PMI was the lessee." That equivocal language formed the basis of the underlying motion for more definite statement, motion to dismiss for lack of subject matter jurisdiction and motion to dismiss for failure to state a claim filed by Louisiana Fruit in that dismissed federal case. (Civ. Act. 08-684, Rec. Docs. 1; Civ. Act. 08-3894, Rec. Doc. 6-3). The Court noted that this fundamental problem with standing compounded the difficulties of PMI and QPM in establishing subject matter jurisdiction. (Civ. Act. 08-3894, Rec. Doc. 6-323, fn. 2).

The motion to intervene is based on a couple fundamental misstatements of fact.

First, PMI and QPM state that they seek to intervene "for declaratory judgment" in the instant matter because "[a]llowing the intervention will serve the purpose of allowing all of the claims arising out of the bulkhead damage including Mover's indemnity claims to be decided in a single federal court claim." (Rec. Doc. 6, p. 4). This statement is incorrect. This proposed intervention leaves the fundamental contract lease issues between Louisiana Fruit, PMI and QPM raised only in the state court suit. In addition, PMI and QPM incorrectly state in reply brief that Bud's Boat has no opposition to the filing of this intervention, despite the thorough memorandum in opposition filed by Bud's Boat. (Rec. Docs. 10, 16).

Both Louisiana Fruit and Bud's Boat argue that PMI and QPM lack a viable interest in this litigation and that the only scenario under which this federal suit would proceed would be if PMI and QPM were not contractually liable in state court, leaving Louisiana Fruit as property owner to directly sue the vessel interests. They rely on this Court's previous dismissal of the declaratory action, and urge that Court again recognize the movers' lack of standing and/or viable interest in the subject matter of this suit because of the equivocal language in the intervention pertaining to the existence of a lease.

Under Fed. R. Civ. P. 24, intervention can be as of right[1] and permissive.[2] Intervention as of right under Rule 24(a)(2) requires that the movers meet four requirements: (1) the application must be timely, (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties to that suit. *Haspel & Davis Milling & Planting Co., Ltd v. Bd. of Levee Commissioners of the Orleans Levee District*, 493 F.3d 570, 578 (5th Cir. 2007). Even assuming timeliness, the Court concludes the movers can not make a showing as to the second, third and fourth factors, and that intervention as of

---

[1] **(a) Intervention of Right** On timely motion, the court must permit anyone to intervene who:
(1) is given an unconditional right to intervene by a federal statute; or
(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

[2] **(b) Permissive intervention** On timely motion, the court may permit anyone to intervene who:
(1) is given a conditional right to intervene by a federal statute; or
(2) has a claim or defense that shares with the main action a common question of law or fact.

right is not appropriate.

The Court finds that permissive intervention under Rule 24(b)(2) is also unavailable to the movers as to the proposed declaratory action. The proposed intervention would not eliminate the necessity of the parallel litigation. Any even contingent "claim or defense" of PMI or QPM is not directly implicated in this matter and is, as recognized by those parties, the appropriate subject of their third party demand raised in the state court litigation. Instead, the claims in this federal matter would require resolution only in the event that PMI and QPM are found not to have a contractual obligation to Louisiana Fruit in the state court action. In the event a contract is found to exist, the movers' third party tort claim against Bud's Boats and Jewel will be resolved as part of the state court action. If that contractual obligation is found lacking by the state court, the "tail" represented by this action will be ripe for resolution.

Accordingly,

IT IS ORDERED that motion to intervene filed by Production Management Industries, L.L.C. ("PMI") and Quality Production Management, L.L.C. Is DENIED. (Rec. Doc. 6).

IT IS FURTHER ORDERED that the motion to stay filed by the Louisiana Fruit

Company is PARTIALLY GRANTED and PARTIALLY DENIED. (Rec. Doc. 11). See e.g., *Ambraco, Inc. v. Bossclip B.V.*, 2009 WL 1481340 at *7 (5th Cir.). The parties will advise the Court in writing and within ten days if they agree that the discovery undertaken in the state court suit can be used in this matter, if necessary. In the absence of such an agreement, a scheduling conference will be set in this matter in order to establish a discovery schedule to ensure that all relevant discovery in state court is not be duplicated in this matter. However, no trial or pre-trial conference dates will be set in this matter until resolution of the state court matter or for a period of six months, whichever occurs first. In the event the state court matter is not resolved within six months, the plaintiff can reurge the motion to stay. Any future motion stay shall be accompanied with appropriate legal authority and argument, however.

New Orleans, Louisiana, this 6th day of July, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE